```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA

v.                                  Case No.: 3:05-cr-339-VMC-MCR

PATRICK FITZGERALD PORTER

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Patrick Fitzgerald Porter's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 236), filed on May 30, 2024, and his pro se Motion to Amend 3582(c)(1)(A) Compassionate Release (Doc. # 238), filed on July 10, 2024. The United States of America responded on August 20, 2024. (Doc. # 242). For the reasons set forth below, the Motion to Amend is granted and the Motion for Sentence Reduction is denied.

**I.  Background**

After a jury trial, Mr. Porter was convicted of all seventeen counts related to his armed drug dealing, including seven counts under 18 U.S.C. § 924(c). (Doc. # 94). In September 2007, Mr. Porter was sentenced to: "a total term of ONE HUNDRED SIXTY-EIGHT (168) MONTHS as to Counts One, Two, Four, Six, Eight, Ten, Twelve, Fifteen and Sixteen, all such

1

terms to run concurrently. ONE HUNDRED TWENTY (120) MONTHS as to Count Fourteen to run concurrently. A consecutive mandatory term of SIXTY (60) MONTHS as to Count 3 and consecutive mandatory terms [of] THREE HUNDRED (300) MONTHS as to Counts 5, 7, 9, 11, 13 and 17." (Doc. # 148 at 2). The 924(c) charges were Counts 3, 5, 7, 9, 11, 13, and 17, and the drug charges were Counts 1, 2, 4, 6, 8, 10, 12, 15, and 16.

In November 2011, as a result of Amendment 750 of the United States Sentencing Guidelines related to cocaine base, Mr. Porter's sentence on his drug charges was reduced to 240 months. (Doc. # 197). All other sentencing provisions remained the same. (Id.). In September 2020, Mr. Porter's sentence on his drug charges was further reduced to 168 months pursuant to Section 404 of the First Step Act. (Doc. ## 231, 234). The sentences for the Section 924(c) counts remained the same. (Doc. # 234).

Mr. Porter is 53 years old, and his projected release date is May 19, 2044.[1]

Now, in the instant Motion to Reduce Sentence, Mr. Porter seeks compassionate release from prison under Section

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

2

3582(c)(1)(A). (Doc. # 236). He argues that compassionate release is appropriate because the sentence he received in 2007 for his multiple Section 924(c) convictions and for his drug charges would be shorter if he were sentenced today because of non-retroactive changes to Section 924(c) and 21 U.S.C. § 851. (Id. at 1-2). He also notes his participation in extensive programming, career training, and educational courses. (Id. at 3). Mr. Porter also filed a Motion to Amend, in which he amends the relief he is seeking by requesting a sentence of five years on Count 3 and time served on all other counts. (Doc. # 238). The United States has responded. (Doc. # 242). The Motions are now ripe for review.

**II.  Discussion**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and

compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In his Motion, Mr. Porter relies on the "unusually long sentence" category of extraordinary and compelling circumstances based on the stacking of his Section 924(c) charges and the length of his drug charges. (Doc. # 236 at 1-2). Mr. Porter maintains that, if he had been sentenced today, he would have received a lower sentence (Id.), a position that the United States challenges. (Doc. # 242 at 3). The Court assumes without deciding that Mr. Porter has

4

established an extraordinary and compelling reason for release.

Nevertheless, compassionate release will not be granted. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that, among other things, protects the public and reflects the seriousness of the crime.

Here, a further reduction of Mr. Porter's sentence would not protect the public, reflect the seriousness of Mr. Porter's crimes, or promote respect for the law. See United States v. Lewis, No. 8:10-cr-438-VMC-AAS, 2024 WL 3742736, at *2 (M.D. Fla. Aug. 9, 2024) (assuming without deciding that defendant had established an extraordinary and compelling reason for release based on Section 924(c) stacking but denying compassionate release because defendant was "a danger to others and [] the Section 3553(a) factors weigh[ed] against early release"). As the United States correctly notes, Mr. Porter has a lengthy and serious criminal history:

> On June 1, 1989, Defendant was sentenced to 13 months in prison for carrying a concealed firearm, possession of a sawed off shotgun and possession of

5

>   cocaine. He was released on November 16, 1989. On October 30, 1990, Defendant committed an armed robbery and was later sentenced to 18 years in prison for armed robbery and possession of a firearm by a convicted felon. He was paroled on May 31, 2004. On August 22, 2005, Defendant was arrested after a traffic stop by officers with the Jacksonville Sheriff's Office. During that traffic stop, a firearm and cocaine base was discovered. This traffic stop was the beginning of a lengthy grand jury investigation into Defendant's armed drug trafficking that began as early as February 2005. The danger to the community was reflected in Defendant's armed drug trafficking, which included threats to kill the family of a customer that owed him money. Defendant's criminal activity was only stopped by incarceration, however even after his arrest on August 22, 2005, Defendant still conspired with his wife to collect[] drug debts.

(Doc. # 242 at 22-23) (citations omitted); see also (Id. at 23) (noting that Mr. Porter "was also involved in prostituting a 19-year-old girl, the passenger in his car when he was arrested on August 22, 2005"). Given his serious criminal history and the seriousness of his crimes in this case, the Court agrees with the United States and concludes that Mr. Porter is a danger to the community. Mr. Porter's rehabilitative efforts, while admirable, do not change the Court's conclusion that he would pose a danger to others if released. In order to protect the public, deter future crimes, and promote respect for the law, Mr. Porter must serve the remainder of his sentence.

Because the Court was readily able to resolve this Motion and Mr. Porter has not established good cause for the appointment of counsel, Mr. Porter's request for appointment of counsel is denied. (Doc. # 237).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Patrick Fitzgerald Porter's pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 236) is **DENIED.**

(2) Mr. Porter's pro se Motion to Amend (Doc. # 238) is **GRANTED** to the extent the Court considered the amended relief Mr. Porter requested therein in ruling on the Motion for Sentence Reduction.

(3) Mr. Porter's pro se Motion to Appoint Counsel (Doc. # 237) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of August, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE